UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MARTEL<br><br>Respondent. | No. 2:18-cv-0586 AC P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, together with a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. For the reasons stated below, the court shall issue an order to show cause why this matter should not be dismissed as untimely and successive.

I.    IN FORMA PAUPERIS APPLICATION

A review of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, petitioner's motion to proceed in forma pauperis (ECF No. 2) will be granted. See 28 U.S.C. § 1915(a).

II.    PROCEDURAL HISTORY

A.    Judicial Notice

Court records reflect that petitioner has filed two prior federal habeas petitions in this district that challenge his November 2008 sentence and conviction of great bodily injury in

1

violation of California Penal Code § 4501. The cases that were previously filed are: Roberson v. People of the State of California, No. 2:11-cv-0386 JKS (E.D. Cal. Aug. 3, 2012) ("Roberson I"), which was filed in this court on February 11, 2011, and Roberson v. Virga, No. 2:11-cv-0823 EFB (E.D. Cal. July 1. 2011) ("Roberson II") which was filed in this court on March 25, 2011. See Roberson I, ECF No. 1, 11; see also Roberson II, ECF No. 1.

It is well-established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); see, e.g., Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (stating court may take judicial notice of own records to determine whether in forma pauperis complaint should be dismissed); see, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 156-57 (1969) (taking judicial notice of opinion of related case); see also Bovarie v. Giurbino, 421 F. Supp. 2d 1309, 1313 (9th Cir. 2006) (citing to Author Servs.). A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Thus, the court takes judicial notice of the dockets of Roberson I and Roberson II.

      B.    Petitioner's February 2011 and March 2011 Petitions: Roberson I and Roberson II

The February 2011 petition in Roberson I challenged petitioner's conviction and sentence of twenty-five years-to-life for battery causing great bodily injury pursuant to California Penal Code § 4501. See Roberson I, ECF Nos, 1, 11 (original and amended petitions). Petitioner's March 2011 petition challenged the same conviction and sentence. See Roberson II, ECF No. 1.

On July 1, 2011, the Roberson II court determined that the petition filed in that action "was nearly identical to [Roberson I]." See Roberson II, ECF No. 11 at 2 (brackets added). As a result, it found that the case was opened in error and should be closed, leaving Roberson I as the sole remaining petition. See id. In addition, because petitioner had not yet filed an amended petition in Roberson I as the Roberson I court had ordered, the Roberson II court also directed the Roberson II petition to be re-docketed as the amended petition in Roberson I. See id.

A review of the Roberson I docket indicates that on July 1, 2011, the Roberson II petition

was docketed as its amended petition.  See Roberson I, ECF Nos. 11, 12.  A review of the amended petition in Roberson I indicates the claims related to petitioner's conviction and sentence pursuant to California Penal Code § 4501 were the following:  (1) the trial court failed to exercise its independent judgment; (2) there was insufficient evidence to support the conviction; (3) the trial court improperly denied a motion for a new trial by refusing to re-weigh evidence, and (4) the trial court failed to investigate petitioner's competence.  See Roberson I, ECF Nos. 11 at 4-5 (claims as alleged by petitioner); see also Roberson I, ECF No. 22 at 3 (district court's summary of claims).

An answer and a traverse were filed in Roberson I in July 2011 and September 2011, respectively.  See Roberson I, ECF Nos. 17, 19.  Thereafter, on August 3, 2012, the Roberson I court determined that petitioner was not entitled to habeas relief on any of the grounds raised.  See Roberson I, ECF No. 22 at 19.  As a result, the court denied the petition and declined to issue a certificate of appealability.  See id.

C. Petitioner's March 2018 Petition

The instant petition indicates that on November 8, 2008, petitioner was convicted of battery on an inmate causing great bodily injury in violation of California Penal Code § 4501.  See ECF No. 1 at 1-2.  As a result, petitioner was sentenced to twenty-five years-to-life.  See id. at 1.

In this pleading, petitioner states that he filed a direct appeal in the California Court of Appeal, raising claims related to his competency and self-defense.  See id. at 2.  Petitioner states, however, that it was "thrown out at Ninth Circuit [sic] for 2-day last filing."[1]  Id. at 2.  Thereafter, the petition does not indicate that petitioner filed a petition for review in the California Supreme Court.  See id. at 2-3 (petitioner providing no response to question asking if petition for review was filed).  The petition also states that petitioner filed no pleadings in state court on collateral

---

[1] Although irrelevant to the outcome of these proceedings, the court recognizes the disconnect in petitioner's initial statement that he filed an appeal in the California Court of Appeal and his subsequent statement that the same pleading was dismissed by the Ninth Circuit Court of Appeal for having been filed two days too late.  See ECF No. 1 at 2.  Petitioner provides neither information nor documents that would shed light on these incongruent statements.

3

review. See id. at 3-4. Petitioner goes on to assert that he did not file a habeas petition with the California Supreme Court because he "was admitted to a crisis bed and all of [his] court documents [were] lost by CDC." Id. at 5 (brackets added). Finally, petitioner asserts – albeit inaccurately – that this is the first federal habeas petition he has filed that challenges this conviction. See id. at 5.

The instant petition contests the same conviction and sentence as Roberson I. Compare ECF No. 1 at 1, with Roberson I, ECF No. 11 at 1. The claims in the instant petition are that: (1) he was deprived of his right to be read his rights and taken before a judge within 48 hours after his arrest in violation of California Penal Code § 825; (2) the "trial civil judge" never took his competency into consideration; (3) neither the jurors nor the judge took his claim of self-defense into consideration despite witness testimony, and (4) photos of the victim only showed a scratch on his neck. See ECF No. 1 at 6-9. Petitioner states that he raised all but the first claim in the California Supreme Court. See id.

III. RELEVANT LAW

A. 28 U.S.C. § 2244(b) – Finality of Determination

28 U.S.C. § 2244(b) governs second or successive petitions. It states in relevant part:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

28 U.S.C. § 2244(b)(1)-(2).

B. <u>28 U.S.C. § 2244(d) – Statute of Limitations</u>

28 U.S.C. § 2244(d) determines the length of time within which to file a federal habeas petition. It states in its entirety:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

IV. <u>DISCUSSION</u>

A. <u>Failure to Timely File Claims Pursuant to Section 2244(d)(1)-(2)</u>

It appears that there are two independent grounds for recommending that this action be dismissed with prejudice. First and foremost, this petition has not been timely filed within the one-year statute of limitations clearly stated in 28 U.S.C. § 2244(d)(1)-(2).

Petitioner states that he filed a direct appeal in the California Court of Appeal for this sentence and conviction. <u>See</u> ECF No. 1 at 2. The trial court case number he provides for this appeal is 06F04678. <u>See id.</u> A review of the appellate proceedings of this matter on the

5

California Courts website[2] indicates that the related Court of Appeal case number is C060546, and the related Supreme Court of California case number is S185580. The court takes judicial notice of the dockets of these cases on the California Courts website.

A review of the dockets for these cases indicates that on July 19, 2010, the California Court of Appeal filed its opinion affirming the trial court judgment. Thereafter, the Supreme Court of California denied petitioner's petition for review on October 27, 2010.[3] Therefore, the judgment on the petition for review became final immediately. See Cal. R. Ct. 8.532(b)(2)(A) (Supreme Court finality rule for petitions for review). Because petitioner did not seek collateral review of his conviction and sentence (see ECF No. 1 at 3), the one-year statute of limitations under AEDPA[4] began to run the next day. See 28 U.S.C. § 2244(d)(1)(A). This required any claims related to petitioner's conviction and sentence for great bodily injury for which petitioner wanted federal habeas review to be duly filed by October 27, 2011, absent any statutory or equitable tolling (see 28 U.S.C. § 2244(d)(1)(B)-(D)), which petitioner does not assert (see generally ECF No. 1). Despite this deadline, petitioner filed the instant petition on March 19, 2018. See ECF No. 1 at 1. This date is well past the October 2011 filing deadline. For these reasons, on its face, the instant petition is barred as untimely.

B. Failure to Meet Section 2244(b)(2) Requirements

The second ground for dismissal is that a challenge to petitioner's conviction and sentence was previously adjudicated in Roberson I in 2012. Thus, the instant petition is second or successive. See Magwood v. Patterson, 561 U.S. 320, 332-33 (2010) (stating phrase "second or successive" in Section 2254(b) must be interpreted with respect to judgment challenged); see also Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012) (citation omitted) (referencing Magwood). Consequently, the court must apply Section 2244.

---

[2] See California Courts, The Judicial Branch of California, http://www.courts.ca.gov/home.htm (last visited Apr. 19, 2019).
[3] See California Courts, The Judicial Branch of California, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=1382119&doc_no=C060546&request_token=NiIwLSIkTkw7WyAtSCJdWElJUFA6UTxbJSJeUz5SUCAgCg%3D%3D (last visited April 19, 2019).
[4] Antiterrorism and Effective Death Penalty Act.

6

Prior to filing a second or successive petition in this court, a petitioner must first seek and receive permission from the Ninth Circuit to do so. See 28 U.S.C. § 2244(b)(3)(A). There is no indication that petitioner has done this. Additionally, given that the claims filed in Roberson I and those filed in the instant petition are not the same, Section 2244(b)(2) also applies. Therefore, in order to avoid dismissal of this action, petitioner must show either (1) that his new claims rely on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court that were previously unavailable, or (2) that the factual predicates for petitioner's new claims could not have been previously discovered through the exercise of due diligence and the facts of the underlying claims would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found petitioner guilty of great bodily injury to an inmate. See 28 U.S.C. § 2244(b)(2)(A)-(B)(i)(ii). The instant petition fails to make either of these showings. See generally ECF No. 1.

V. ORDER TO SHOW CAUSE

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The Advisory Committee Notes to Rule 4 provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Habeas Rule 4, Advisory Committee Notes (1976 Adoption) (citation omitted). Pertinent to the instant case, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210. "Thus, while the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001) (citation omitted).

The same is true of sua sponte dismissals of second or successive petitions. Prior to a sua sponte dismissal of a petition as "second or successive," a court must provide the petitioner with

notice and an opportunity to respond.  See Wentzell, 674 F.3d at 1125.  The court shall do so here.  Petitioner is informed that the court is considering whether to dismiss this case as untimely and successive, and he shall be provided an opportunity to respond.

VI. CONCLUSION

The petition appears to be both untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) and successive within the meaning of 28 U.S.C. § 2244(b)(2).  Petitioner will be required to show cause why his petition should not be dismissed as untimely and successive.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, filed March 19, 2018 (ECF No. 2), is GRANTED;

2. Within thirty days of the date of service of this order, petitioner shall show cause why this action should not be dismissed as untimely and successive, and

3. The Clerk of Court is directed to serve a copy of this order, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), on Tami Krenzin, Supervising Deputy Attorney General.

Petitioner is warned that failure to respond to this order within the allotted time period will result in a recommendation that this action be dismissed with prejudice.

DATED: April 19, 2019

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE