# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LONNELL ROBERSON, | No. 2:18-cv-0586 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MARTEL, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, the undersigned shall recommend that this matter be dismissed as untimely and successive.

I. RELEVANT HISTORY

On April 22, 2019, the undersigned screened the instant petition. ECF No. 8. Thereafter, it issued an order to show cause why the pleading should not be dismissed as untimely and successive pursuant to 28 U.S.C. § 2244(d)(1)(A) and 28 U.S.C. § 2244(b)(2). See id. at 8.

II. PETITIONER'S SHOW OF CAUSE

On May 17, 2019, petitioner filed a response to the court's order. ECF No. 10. In his show of cause, petitioner states that the trial court was negligent when it failed to exercise independent judgment, refused to reweigh evidence, and failed to investigate his competence

1

during his trial proceedings.  See id.  He contends that as a result of the trial court's negligence, he was given a twenty-five years-to-life sentence.  See id.

When determining whether this action should be dismissed, petitioner also asks the court to consider his mental health status, specifically, the fact that he has been admitted to numerous crisis beds since 2008.  Petitioner's admission to crisis beds, he asserts, was what led him to file his first petition two days late.  See ECF No. 10.  Finally, petitioner asks the court to consider his argument that a twenty-five years-to-life sentence for great bodily injury is harsh and constitutes cruel and unusual punishment.  See id.

III.  DISCUSSION

    A.  Untimely Petition Under Section 2244(d)(1)-(2)

Petitioner does not dispute this court's finding that the petition is untimely in violation of 28 U.S.C. § 2244(d)(1)-(2).  Petitioner admits that the petition is untimely, but he asserts that his mental health issues prevented him from timely filing it.  See ECF No. 10.

Aside from the fact that petitioner does not indicate that his mental health issues were severe enough to constitute "extraordinary circumstances" warranting equitable tolling of the statute of limitations (see Holland v. Florida, 560 U.S. 631, 649 (2010) ("extraordinary circumstances" requirement)), petitioner also fails to provide any specifics regarding the periods he was experiencing mental health issues in relationship to his one-year filing deadline of October 27, 2011.  Moreover, the fact that petitioner filed his initial petition only two days after the deadline arguably demonstrates that his mental impairments were likely not so severe that he was unable to understand the need to timely file the petition.  See Bills v. Clark, 628 F.3d 1092, 1093 (9th Cir. 2010).

Even if the court were to construe petitioner's filing as a proffer in support of equitable tolling, and even if further development of the facts related to tolling were otherwise warranted, further proceedings are not appropriate because this is an unauthorized second or successive petition.

////

////

B. Second or Successive Petition Under Section 2244(b)(1)-(2)

Court records reflect that petitioner has filed two prior federal habeas petitions in this district that challenge the same November 2008 conviction and sentence that are at issue here. The cases that were previously filed are: Roberson v. People of the State of California, No. 2:11-cv-0386 JKS, which was filed in this court on February 11, 2011; and Roberson v. Virga, No. 2:11-cv-0823 EFB ("Roberson II"), which was filed in this court on March 25, 2011. Roberson II was closed as duplicative, and Roberson I was ultimately denied on the merits.

Petitioner does not dispute that the instant petition is second or successive within the meaning of 28 U.S.C. § 2244(b). Accordingly, petitioner was required to seek and receive permission from the Ninth Circuit to file this action (see 28 U.S.C. § 2244(b)(3)(A)), which neither the record nor petitioner's show of cause indicate that he has done. See generally ECF No. 10.

None of the exceptions to the ban on second or successive petitions appear to apply. The petition does not assert claims expressly based on any new rule(s) of constitutional law that were previously unavailable and were made retroactive by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2244 (b)(2)(A). Petitioner does not contend that any of his claims are predicated on such new rules. Nor does petitioner contend that the factual predicates for his new claims could not have been previously discovered through the exercise of due diligence, and that those facts are sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found him guilty of great bodily injury to an inmate. See § 2244(b)(2)(B)(i),(ii). In any event, the decision whether the instant petition is permitted under § 2244(b) is entrusted by statute to the Court of Appeals. § 2244(b)(3). Because petitioner has not received the required authorization from that court, the petition must be dismissed.

Because the petition is both facially untimely and successive, this court may not consider petitioner's substantive cruel and unusual punishment argument.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Court judge to this action.

////

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed as an unauthorized successive petition pursuant to 28 U.S.C. § 2244(b)(2); and

2. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE